Kurt Zitzer, Esq.
MEAGHER & GEER, P.L.L.P
8800 N. Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258
State Bar No. 14110
Tele: 480-607-9719
kzitzer@meagher.com
Fax: 480-607-9780

Counsel for Continental Casualty Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| Continental Casualty Company, an Illinois corporation, | No. |
| Plaintiff, | **CONTINENTAL CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| Stephen Evans; HarnerEvans, PLC, an Arizona corporation; and Kool Radiators, Inc., an Arizona corporation | |
| Defendants. | |

Plaintiff Continental Casualty Company ("Continental"), for its Complaint for

Declaratory Judgment, alleges on knowledge, information, and belief as follows:

## NATURE OF THE ACTION

1.       In this action, Continental seeks a judicial determination and declaration

from this Court pursuant to 28 U.S.C. § 2201 *et. seq.*, as to the parties' rights and

obligations under Accountants Professional Liability Insurance Policy No. 275277228

issued by Continental to HarnerEvans, PLC ("HarnerEvans") for the policy period

September 10, 2008 to September 10, 2009 (the "Policy"), as set forth in more detail

below.  A true and correct copy of the Policy (except for the application) is attached

hereto as Exhibit 1.

2.     In particular, Continental seeks a declaratory judgment that it no longer has a duty to defend Stephen Evans in the lawsuit captioned, *Kool Radiators, Inc. v. Stephen Evans and Jane Doe Evans and Aegis Jet, LLC*, No. BC493718 (Maricopa County, Ariz., Super. Ct., Mar 14, 2011) (the "KRI Action").  Continental also seeks a declaration that is has no duty to indemnify Stephen Evans for the judgment entered against him in the KRI Action.

3.     By reason of the allegations set forth below, a real, immediate, and justiciable controversy exists between the parties relating to their respective rights, duties, and obligations under the Policy and will continue to exist until such time as it is resolved by this Court.

## PARTIES

4.     Plaintiff Continental is a corporation, a citizen of Illinois organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.  Continental legally transacts insurance business in the State of Arizona and within the geographical jurisdiction of this Court.

5.     Defendant HarnerEvans is an Arizona professional limited liability corporation, a citizen of Arizona because its members are citizens of the State of Arizona. HarnerEvans is joined as a defendant to this action because it is the Named Insured under the Policy and so may claim an interest in this coverage dispute.  Continental is willing to dismiss HarnerEvans from this action so long as it stipulates to be bound by the judgment entered in this case.

6.     Defendant Stephen Evans ("Evans") is a citizen of the State of Arizona.

7.     Defendant Kool Radiators, Inc. ("KRI") is a corporation organized and exiting under the laws of the State of Arizona with its principal place of business in Glendale, Arizona.  KRI is named as a defendant in this action because it is a judgment creditor of Evans.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

8.

## **JURISDICTION AND VENUE**

9.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Federal Rules of Civil Procedure 57, an actual controversy exists because the dispute between the parties is definite and concrete, affecting the parties adverse legal interests with sufficient immediacy to warrant judicial relief.

10.     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a) because the Plaintiff and the Defendants are citizens of different states and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Continental's claim for declaratory judgment occurred within this district:  the Policy was issued in this district, and the KRI Action was filed in this district.

## **FACTUAL ALLEGATIONS**

### **The Policy**

12.     Subject to its terms and conditions, the Policy's Coverage Agreements state:

II.     **COVERAGE AGREEMENTS**

A.     In accordance with all the terms and conditions of this policy, we will pay on **your** behalf all sums in excess of the deductible, up to our limits of liability, that **you** become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against **you** and reported in writing to us during the **policy period** by reason of an act or omission in the performance of **professional services** by **you** or by any person for whom **you** are legally liable provided that:

1.     **you** did not give notice to a **prior insurer** of any such act or omission or **interrelated act or omission**;

2.     prior to the effective date of this Policy [September 10, 2008], none of **you** had a basis

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

to believe that any such act or omission, or **interrelated act or omission**, might reasonably be expected to be the basis of a **claim**;

      3.    such act or omission happened subsequent to the **prior acts date**;

      4.    **you** did not give notice to a **prior insurer** of an **interrelated claim**.

Policy, § II.A.[1]

13.    The Policy defines **You** and **your** as the **Named Insured**, Harner Evans, and includes Evans as a "partner, officer, director, associate, or employee of the **Named Insured** but only for **professional services** performed on behalf of the **Named Insured**." Policy, § I.

14.    The Policy defines **Professional Services**, in relevant part, as those services:

performed in the practice of public accountancy by **you** for others for remuneration that inures to the benefit of the **Named Insured**, including but not limited to consulting services and **investment advisory services**.

*Id.*

15.    The Policy provides that Continental has "the right and duty to defend any **claim** seeking **damages**, even if any of the allegations of the **claim** are groundless, false or fraudulent." *Id.*, § II.B.

16.    The Policy has a $1 million per **Claim** and $2 million aggregate limit of liability.  Policy, Declarations, Item 5.

17.    Section V of the Policy contains the Exclusions, which state that the Policy does not apply to:

any **claim** based on or arising out of a dishonest, illegal, fraudulent, criminal or malicious act by any of **you**.  We shall provide **you** with a defense of such **claim** unless or until the dishonest, illegal, fraudulent, criminal or malicious act has

---

[1] Terms in bold are defined in the Policy.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

> been determined by any trial verdict, court ruling, regulatory
> ruling or legal admission, whether appealed or not.  Such
> defense will not waive any of our rights under this Policy.
> Criminal proceedings are not covered under this Policy
> regardless of the allegations made against you.

Policy, § V.D. (the "Fraud Exclusion").

### The 2009 Suit

18.     On April 1, 2009, KRI filed suit against Evans (and his wife), HarnerEvans, and Aegis Jet, LLC in the Superior Court of for the State of Arizona in and for the County of Maricopa, No. CV2009-010723 (the "2009 Suit").  A true and correct copy of original complaint in the 2009 Suit is attached hereto as Exhibit 2.

19.     KRI alleged that Evans approached it in 2007 with a proposal to invest in Aegis Jet, LLC ("Aegis") prior to its acquisition of the assets of Aero Jet Services, LLC ("Aero Jet"), which would allow Aegis to operate as an aviation charter company.  Exhibit 2, ¶ 10.

20.     The 2009 Suit alleged that Evans represented that KRI's investment would be used for the purchase of Aero Jet, but if the acquisition did not occur, then KRI's $250,000 investment in Aegis would be returned.  *Id.*, ¶ 12.

21.     The 2009 Suit asserted that Aegis never purchased Aero Jet and Evans refused to return KRI's $250,000 investment.  *Id.*, ¶ 15.

22.     The 2009 Suit contained causes of action for fraud, securities fraud, negligent misrepresentation, breach of fiduciary duty, and rescission.  *Id.*, ¶¶ 16-37.

### Tender of the 2009 Suit to Continental

23.     On April 8, 2009, HarnerEvans tendered the 2009 Suit to Continental.

24.     On April 22, 2009, Continental agreed to provide a defense to HarnerEvans and Evans in the 2009 Suit, subject to a reservation of rights.  A true and correct copy of the April 22, 2009 letter is attached hereto as Exhibit 3.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

**First Amended Complaint in the 2009 Suit**

25.     On January 25, 2010, KRI filed a first amended complaint in the 2009 Suit. A true and correct copy of the first amended complaint in the 2009 Suit is attached hereto as Exhibit 4.

26.     The First Amended Complaint in the 2009 Suit ("the FAC") was directed against defendants Evans (and his wife) and Aegis.

27.     The FAC was virtually identical to the 2009 Suit and alleged causes of action for securities fraud, negligent misrepresentation, fraud, and breach of fiduciary duty.

28.     On February 3, 2010, Continental accepted the defense of the first amended complaint in the 2009 Suit with respect to Evans subject to a reservation of rights.  A true and correct copy of the February 3, 2010 letter is attached hereto as Exhibit 4.

**Dismissal of the 2009 Suit**

29.     On March 26, 2010, the court dismissed the 2009 Suit without prejudice because the action was premature.

30.     On May 31, 2012, the Arizona Court of Appeals reversed the trial court's decision.

**The KRI Action**

31.     On March 14, 2011, while the appeal of the dismissal of the 2009 Suit was pending, KRI filed the KRI Action naming Evans (and his wife) and Aegis as defendants. A true and correct copy of the complaint in the KRI Action is attached hereto as Exhibit 6; *see id.*, ¶ 4.

32.     The KRI Action alleged that Aegis signed a June 25, 2007 letter of intent to purchase Aero Jet's assets and that, on July 18, 2007, Aegis entered into a formal, written purchase agreement with Aero Jet, requiring Aegis to make a non-refundable deposit. Exhibit 6, ¶ 9.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

33.     The KRI Action alleged that, at all relevant times, Evans was acting as an agent of Aegis, soliciting the raising of capital and soliciting new members to facilitate the acquisition.  Exhibit 6, ¶ 8.

34.     The KRI Action further alleged that, in July and August 2007, Evans prepared and presented KRI with a business plan for the pending acquisition but failed to disclose the non-refundable deposit requirement, while guaranteeing that KRI's $250,000 investment would be returned if the acquisition did not take place.  Exhibit 6, ¶ 11.  KRI also alleged that Evans failed to disclose that Aegis was in default of the purchase agreement at the time KRI agreed to invest in Aegis.  *Id.*, ¶¶ 11, 14.

35.     The KRI Action also alleged that, when the acquisition of Aero Jet did not occur, KRI requested the return of its $250,000 investment in Aegis, but Evans and Aegis refused to refund the investment.  *Id.*, ¶ 20.

36.     The KRI Action contained three causes of action for securities fraud, negligent misrepresentation, and fraud.  *Id.*, ¶¶ 24-50.

37.     On March 22, 2011, Continental accepted the defense of the KRI Action subject to a complete reservation of rights under the Policy, including, *inter alia*, that the KRI Action did not implicate the Policy's insuring agreement and could potentially implicate the Fraud Exclusion.  A true and correct copy of the  March 22, 2011 letter is attached hereto as Exhibit 7.

**Jury Verdict and Judgment in the KRI Action**

38.     On June 11, 2013, the KRI Action was tried before a jury.

39.     On June 20, 2013, the jury returned a verdict in favor of KRI and against Evans and Aegis on all three counts:  negligent misrepresentation, securities fraud, and fraud.  A true and correct copy of the minute entries evidencing the jury's verdict are attached hereto as Exhibit 8.

40.     The jury found that Evans knowingly made "an untrue statement of material fact" or omitted "to state any material fact in order to make statements made, in light of the circumstances in which they were made, not misleading."  Exhibit 8.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

41.     On September 4, 2013, the court granted KRI's request for attorneys' fees, in the amount of $261,250.94, and for pre-judgment interest.  A true and correct copy of the court's September 4, 2013 ruling is attached hereto as Exhibit 9.

42.     On October 22, 2013, the court entered judgment against Evans and Aegis. A true and correct copy of the October 22, 2013 judgment is attached hereto as Exhibit 10.

**Coverage for the Judgment in the KRI Action**

43.     On July 12, 2013, Continental sent a letter to Evans informing him that there was no indemnity coverage for the judgment in the KRI Action and that Continental was no longer required to provide a defense to Evans in the KRI Action.  A true and correct copy of the July 12, 2013 letter is attached hereto as Exhibit 11.

44.     The July 12, 2013 letter states that, among other reasons, no indemnity coverage is available for the judgment in the KRI Action because (1) the KRI Action did not allege **Professional Services** within the meaning of the Policy, (2)  prior to the effective date of the Policy, Evans had a basis to believe that his acts or omissions might reasonably be expected to be the basis of a **Claim**, and (3) the jury's verdict and court ruling triggered the Policy's Fraud Exclusion.  For the same reasons, the letter states that Continental does not have an obligation to continue defending Evans in the KRI Action.

45.     Evans and KRI both deny that no indemnity coverage is available under the Policy for the KRI Action.

46.     Evans denies that Continental has no obligation to continue to provide a defense to him in the KRI Action.

47.     Defense counsel remains in place pending the resolution of this coverage action.

## COUNT I
**For a Declaration that No Coverage is Available for the KRI Action Because Evans Was not Performing Professional Services on Behalf of Harner Evans**

48.     Continental repeats and incorporates by reference the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth herein.

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

49.     The Policy provides coverage for **Claims** made against the **Named Insured** (*i.e.* Harner Evans) or against a "partner" of the **Named Insured** (*i.e.* Evans) by reason of an act or omission in the performance of **Professional Services** "on behalf of the **Named Insured**." *See* Exhibit 1 at §II.A and § I. Definitions at p.3.

50.     Evans only constitutes a **You** under the Policy if he is acting as a "partner, officer, director, associate, or employee of the **Named Insured** but only for **professional services** performed on behalf of the **Named Insured**." Exhibit, § I.

51.     The Policy defines **Professional Services** as "those services performed in the practice of public accountancy by **you** for others for remuneration that inures to the benefit of the **Named Insured** [HarnerEvans]." *Id.*

52.     The KRI Action alleged that all actions taken by Evans were in his capacity as an agent of Aegis.  There are no allegations against Evans for any acts or omissions in the performance of professional services on behalf of HarnerEvans or for any professional services for remuneration that inured to the benefit of HarnerEvans.

53.     Evans is not a **You** under the Policy because the KRI Action does not allege that Evans was acting in his capacity as a "partner" of the **Named Insured** and providing **Professional Services** on behalf of the **Named Insured**.

54.     The KRI Action is not a **Claim** by reason of acts or omissions in the performance of **Professional Services** sufficient to trigger coverage under the Policy.

55.     Continental has no obligation to indemnify Evans for any portion of the judgment rendered in the KRI Action, nor is it required to continue providing a defense to

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

Evans in the KRI Action, because there is no potential for coverage under the Policy for the KRI Action.

## COUNT II

### For a Declaration that No Coverage is Available for the KRI Action Because, Before the Inception Date of the Policy, Evans Had a Basis to Believe that his Acts or Omissions Might Reasonably be Expected to be the Basis of a Claim

56.     Continental repeats and incorporates by reference the allegations in paragraphs 1 through 46 of this Complaint.

57.     The Policy's Coverage Agreement provides that coverage is available only if, "prior to the effective date of this Policy [September 10, 2008], none of **you** had a basis to believe that any such act or omission, or **interrelated act or omission**, might reasonably be expected to be the basis of a **claim**." Exhibit 1, § II.A.2.

58.     The jury found that, in July and August 2007, Evans knowingly made "an untrue statement of material fact" and/or omitted "to state any material fact in order to make statements made, in light of the circumstances in which they were made, not misleading." Exhibit 8.

59.     Before September 10, 2008, Evans had a basis to believe that his acts or omissions might reasonably be expected to be the basis of a **Claim**.

60.     No coverage is available under the Policy for the KRI Action because, prior to the effective date of the Policy, Evans had a basis to believe that any such act or omission might reasonably be expected to be the basis of a **Claim**.

61.     Therefore, Continental has no obligation to indemnify Evans for any portion of the judgment rendered in the KRI Action, nor is it required to continue providing a

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT

defense to Evans in the KRI Action, because there is no potential for coverage under the Policy for the KRI Action.

**COUNT III**

**For a Declaration that the Fraud Exclusion**
**Bars Coverage for the KRI Action**

62.     Continental repeats and incorporates by reference the allegations in paragraphs 1 through 46 of this Complaint.

63.     The Policy contains a Fraud Exclusion stating that the Policy does not apply to:

> any **claim** based on or arising out of a dishonest, illegal, fraudulent, criminal or malicious act by any of **you**.  We shall provide **you** with a defense of such **claim** unless or until the dishonest, illegal, fraudulent, criminal or malicious act has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.  Such defense will not waive any of our rights under this Policy.  Criminal proceedings are not covered under this Policy regardless of the allegations made against you.

Exhibit 1, § V.D.

64.     The jury found that Evans committed fraudulent acts and returned a verdict finding Evans liable for fraud and securities fraud.  Exhibit 8.

65.     No coverage is available under the Policy for the KRI Action because it is a **Claim** based on or arising out of a dishonest, illegal, fraudulent, criminal or malicious act by Evans as determined by a trial verdict and court ruling.

66.     Therefore, Continental has no obligation to indemnify Evans for any portion of the judgment rendered in the KRI Action, nor is it required to continue providing a defense to Evans in the KRI Action, because there is no potential for coverage under the Policy for the KRI Action.

WHEREFORE, Continental respectfully requests that this Court enter judgment in its favor and:

A.  Declare that there is no coverage available under the Policy for the KRI Action and that Continental has no obligation to defend or to indemnify Evans in the KRI Action for three independently sufficient reasons:

    i.  the KRI Action is not a **Claim** by reason of an act or omission by Evans in the performance of **Professional Services** on behalf of the **Named Insured**;

    ii.  before the inception of the Policy, Evans had a basis to believe that any such act or omission might reasonably be expected to be the basis of a **Claim**; and

    iii.  the KRI Action is based on or arising out of a dishonest, illegal, fraudulent, criminal or malicious act by Evans.

B.  Award Continental its fees and costs incurred herein pursuant to ARS §12-341, ARS § 12-341.01, and other applicable laws; and

C.  Award Continental all other relief to which it may be entitled.

Respectfully submitted,

Dated: November 20, 2013

Of Counsel:

WILEY REIN LLP
Richard A. Simpson
rsimpson@wileyrein.com
Leland H. Jones IV
ljones@wileyrein.com
1776 K Street NW
Washington, DC 20006
202.719.7000
202.719.7049

By: /s/ Kurt M. Zitzer
Kurt M. Zitzer, Esq.
MEAGHER & GEER, P.L.L.P
8800 N. Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258

*Counsel for Plaintiff Continental Casualty Company*

CONTINENTAL CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT